In re INTEROCEAN TRANSP. CO. OF AMERICA, Inc.

LEVIS v. AMERICAN TRADING CO.

(Circuit Court of Appeals, Second Circuit. June 9, 1916.)

No. 269.

BANKRUPTCY ⬤➡140(2)—MISREPRESENTATIONS—RECLAMATION OF FUNDS.

The bankrupt agreed to furnish the charterer of a steamship a full cargo for a lump freight; the charter party providing that payment of charter money should be "direct to the owners of the ship upon issuance of bills of lading, or to the authorized agent of the ship upon signed bills of lading signed by the captain, which would constitute a lien." Claimant engaged room from the bankrupt for steel for transportation on the ship, delivered it, and was notified by the bankrupt to pay the freight against the bill of lading; the bankrupt delivering a bill of lading signed by it. *Held* that, as the bankrupt was unable to pay the lump freight, and could not obtain a bill of lading signed by the master, and as its execution of the bill of lading was an assertion that it was an agent of the steamship, claimant might, the assertion being false, rescind and reclaim the sum it paid as freight from the bankrupt's receiver.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 219; Dec. Dig. ⬤➡140(2).]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Interocean Transportation Company of America, Incorporated. Petition by the American Trading Company to reclaim moneys paid the bankrupt. From an order in favor of petitioner, Robert P. Levis, as receiver, appeals. Affirmed.

C. L. Greenhall, of New York City, for appellant.

Stetson, Jennings & Russell, of New York City (J. H. Auchincloss, of New York City, of counsel), for appellee.

Before COXE and WARD, Circuit Judges, and HOUGH, District Judge.

WARD, Circuit Judge. August 9, 1915, the American Trading Company engaged through a freight broker room for 80 tons of steel sheets to be transported from New York to Marseilles by the Interocean Transportation Company of America. September 3, 1915, the Transportation Company agreed with one Monahan, charterer of the Swedish steamship Ada, to furnish a full cargo for a port in the Mediterranean not east of the west coast of Italy, for a lump freight of $37,500, or to two ports for $39,000:

"Payment of charter money is to be paid directly to the owners of the ship upon issuance of bills of lading or to the authorized agent of the ship upon signed bills of lading signed by the captain which bills of lading will constitute a lien upon the ship."

The Trading Company, under permit from the Transportation Company, delivered the steel to the steamship September 10 and 13, and was notified September 15, to pay for the freight $1,060.38 against the bill of lading, on which day the Transportation Company received the freight and delivered a bill of lading to the Trading Company, which was signed as follows:

"In witness whereof the master or agent of the steamship hath affirmed to three bills of lading, all of this tenor and date, one of which being accomplished, the others to stand void.
                         "Interocean Transportation Co. of America, Inc.,
                                             "By Guert G. Jackson."

The Transportation Company, not being the master, thus asserted itself to be the agent of the steamship. In point of fact, the Transportation Company was not able to pay its freight money to Monahan and could not obtain a bill of lading signed by the master of the steamship, as its agreement with Monahan required, or any bill of lading binding either the ship, the owners, or the charterer. It therefore had no authority whatever to issue a bill of lading as agent of the ship. Such a document was perfectly invalid as a contract of carriage. The Transportation Company kept this check, along with similar checks of other shippers, separate and uncollected until September 17, when it delivered the same to a receiver who had been appointed in an involuntary proceeding in bankruptcy begun against it. September 18 the receiver deposited and collected the check.

We think it quite clear that the transportation company in signing the bill of lading represented itself to be the agent of the steamship, and that, such representation being as to an existing fact and false, although not fraudulently made, the Trading Company had the right to rescind and reclaim the sum it paid as freight now in the hands of the receiver.

The order is affirmed.